```
UNITED STATES DISTRICT COURT                    FOR ONLINE
EASTERN DISTRICT OF NEW YORK                    PUBLICATION ONLY
```

_____X

RAYMOND JONES,

        Plaintiff,                   MEMORANDUM
                                                  AND ORDER
                                                  04-CV-3302 (JG)

       -against-

STATEN ISLAND UNIVERSITY HOSPITAL,

        Defendant.
_____X

APPEARANCES:

    THOMAS F. BELLO
        2 Green Street
        2nd Floor
        Staten Island, NY 10310
        Attorney for Plaintiff

    EPSTEIN BECKER & GREEN, P.C.
        250 Park Avenue
        New York, NY 10177-1211
    By:   Barbara A. Gross
        David O. Simon
        Howard Shragin
        Attorneys for Defendant

JOHN GLEESON, United States District Judge:

        Plaintiff Raymond Jones alleges that Staten Island University Hospital ("SIUH") violated federal and state laws by maintaining a hazardous work environment and by terminating him when he complained to his supervisor about the hazards, and about the resulting disability that he experienced. Defendant moves for summary judgment. For the reasons set forth below, I

grant summary judgment in favor of the defendant with respect to the federal claim, and decline to exercise supplemental jurisdiction over the remaining state law claims.

A.     Background

Jones worked as a laboratory technician at Staten Island University Hospital ("SIUH") from 1984 until his termination in December of 2002. From 1986 until his termination, Jones worked in the Chemistry Department. Jones has not been employed since the 2002 termination, citing permanent harm by toxic exposure at SIUH. In May of 2003, the Social Security Administration deemed Jones permanently and totally disabled, and he has been receiving disability benefits since that time.

On July 2, 2004, Jones filed suit in state court against SIUH, claiming that SIUH violated the Occupational Health and Safety Act ("OSHA"), 29 U.S.C. § 651 (2000). He also claims SIUH violated several New York State laws, including Labor Law § 201-d, Public Health Law §§ 12(1), 309(1)(f), and 1399-n through 1399-x, and Human Rights Law, Executive Law § 296. Finally, Jones claims that SIUH violated New York City Civil Rights Law § 8-107(1)(a), N.Y.C. Admin. Code § 8-107(1)(a). According to the complaint, SIUH permitted hazardous working conditions that resulted in permanent harm to Jones in the form of severe migraine headaches, sleep disorder, and a nervous condition. Jones also alleges that prior to his termination he complained of the hazardous working conditions that were causing these disabilities, and that he was terminated because of his disabilities, and in retaliation for lodging the complaints.

On July 30, 2004, SIUH removed the case to this Court, citing 28 U.S.C.A. § 1331, which grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The claimed violation of OSHA, a

federal statute, supported the removal. The parties subsequently engaged in discovery and settlement negotiations, culminating in a settlement conference on February 9, 2006 that did not yield agreement. On April 28, 2006, defendant filed this motion for summary judgment.

SIUH argues that plaintiff's OSHA claim should be dismissed because OSHA does not provide a private right of action. It further argues that this Court should exercise supplemental jurisdiction over the state law claims, which SIUH contends should be dismissed for various reasons.

B.  Discussion

1.  The OSHA Claim

Plaintiff's attempt to bring an OSHA claim as a private right of action is not allowed under the statute. The Second Circuit has ruled that "[u]nder OSHA, employees do not have a private right of action." *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) (citing *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir.1980)). In *Donovan*, the court explained, "[I]t is apparent from the detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary [of Labor], and that enforcement of the Act is the sole responsibility of the Secretary." *Id*. at 927 (internal citations omitted). *See also Vinson v. New York City Dep't. of Corr*., 2006 WL 140553, *8 (E.D.N.Y. 2006) ("OSHA does not contain a private right of action."). Thus, neither an OSHA violation nor retaliation against an employee for complaining of such a violation will support a cause of action under OSHA by the affected employee.

Accordingly, plaintiff's OSHA claim is dismissed.

### 2. The State Law Claims

SIUH correctly argues that dismissal of the sole federal claim in the complaint does not require dismissal of the claims arising under state law. Under 28 U.S.C. § 1367, I may retain jurisdiction over those claims. SIUH urges me to do so, and goes on to contend that those claims should be dismissed on the merits.

However, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966). SIUH's challenges to plaintiff's non-federal claims raise several questions as to the reach of state health and anti-discrimination laws that strike me as better left to the state courts. *See Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) ("[W]e conclude that the state-law claims should be dismissed so that state courts can, if so called upon, decide for themselves whatever questions of state law this case may present.").

### C. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted with respect to the OSHA claim, and I decline to exercise supplemental jurisdiction over the state law claims. Where, as here, the case has come before this Court by removal, I have discretion either to remand the remaining claims or to dismiss them without prejudice. *See Santiago ex rel. Muniz v. Hernandez*, 53 F. Supp. 2d 264, 274 (E.D.N.Y. 1999) (collecting cases).

The federal claim having been dismissed, I conclude it is appropriate to remand the case to the Supreme Court for the State of New York, County of Richmond.

So Ordered.

John Gleeson, U.S.D.J.

Dated: September 22, 2006
       Brooklyn, New York